HENNION et al. v. HENRY B. HARRIS CO.

(Supreme Court, Appellate Term.   June 22, 1905.)

WORK AND LABOR—TRIAL—ADJOURNMENT—SUPPLEMENTARY PROOF.

In an action for work and labor, defendant filed a verified answer admitting plaintiff's employment, but alleging that the work was improperly done, etc.   When the case was called for trial, defendant, by leave of court, filed an amended answer containing a general denial and omitting all charges of improper performance, and, in order to prevent the imposition of terms, defendant's counsel stated: "If plaintiff is taken by surprise, I will submit to an adjournment of the case.   He may then put in such supplementary proof as he may want to."   Plaintiff, then believing that, when he had put in such evidence as he was prepared with, an adjournment might be had for the production of further proof of authority, offered such proof, and then asked for an adjournment, which the court declined to allow.   Held, that plaintiff's construction of defendant's offer was a reasonable one, and that the adjournment was improperly denied.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Charles Hennion and others against the Henry B. Harris Company.  ·From a Municipal Court judgment in favor of defendant, plaintiffs appeal.   Reversed.

Argued before SCOTT, P. J., and MacLEAN and DUGRO, JJ.

S. C. Sugarman, for appellants.

Cowing, White & Wait (William Bell Wait, Jr., of counsel), for respondent.

SCOTT, P. J.   Plaintiff had built on defendant's order a certain booth to be shipped to an exhibitor at the St. Louis Fair.   It is conceded that he was employed to build the booth and paid by defendant.   The work here sued for was building crates in which to ship the booth.   It appears that it was necessary to have these crates, and that they were actually used by the defendant.   By its original answer the defendant admitted plaintiff's employment to do the work sued for, but alleged that it had been unskillfully and improperly done, and counterclaimed.   This answer was verified by one of the defendant's officers, and was apparently prepared and sworn to quite recklessly and without any knowledge of the facts, for, when the cause came on for trial, the defendant, by leave of the court, filed an amended answer, verified by another officer, denying all the allegations of the complaint, omitting all charges of improper performance, and containing no counterclaim.   This new pleading imposed upon plaintiff the burden of proving the authority of the person who had employed him—a fact which was admitted by the original answer.   After some discussion the defendant's attorney said: "If the plaintiff is taken by surprise, I will submit to an adjournment of this cause.   He may then put in such supplementary proof as he may want to."   The plaintiff's attorney swears that what he understood to be meant by this offer was that, when he had put in such evidence as he was prepared with, an adjournment of the trial might be had, if necessary, for the pro-

duction of further proof of authority. This was a reasonable construction of defendant's proposition, in view of his use of the word "supplementary." The proposition was apparently acquiesced in, since no demur was made by the court, and the motion to amend the answer was granted without comment. At the close of the evidence the plaintiff accordingly asked for an adjournment to enable him to show the hiring by the company, but the court, of its own motion, declined the request. The plaintiff was undoubtedly entitled to a postponement of the trial by reason of the amendment, if he had asked for it, and we think that he was led to go on, and did go on, upon the faith of what he reasonably understood to be a stipulation that he might have an adjournment before the cause was finally taken under advisement. He would hardly have otherwise waived his right to an adjournment, especially as in doing so he also waived the costs imposed upon defendant as a condition of amendment of the answer. As the case stood, it was a close one on the evidence, and in our opinion the cause of justice will be best served by a retrial.

Judgment reversed, and new trial granted, with costs to abide the event. All concur.